IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Allied World Surplus Lines Insurance Company, *formerly known as Darwin Select Insurance Company and* Allied World Specialty Insurance Company, *formerly known as Darwin National Assurance Company*, | ) ) ) ) ) ) ) | Civil Action No. 3:17-903-RMG |
| | ) ) | **ORDER AND OPINION** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Blue Cross and Blue Shield of South Carolina, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Defendant Blue Cross and Blue Shield of South Carolina's ("BCBS") motion to stay or dismiss this insurance coverage action. (Dkt. No. 20.) For the reasons set forth below, the Court grants the motion and dismisses this action without prejudice.

I. **Background**

Allied World seeks a declaratory judgment under the Federal Declaratory Judgment Act of its obligations under policies of errors and omissions liability insurance and directors and officers liability insurance sold to BCBS for underlying civil actions against BCBS, the Blue Cross Blue Shield Association, and other Blue Plans. (Dkt. No. 1 ¶¶ 8-9.) The underlying actions were grouped into two tracks, the Provider Track and the Subscriber Track, and transferred to the United States District Court for the Northern District of Alabama for coordinated pretrial proceedings.

The insurance policies have an Alternative Dispute Resolution ("ADR") provision, requiring the parties to arbitrate or to mediate "all disputes which may arise under or in connection with this Policy," and allowing the parties to choose between arbitration and mediation. (Dkt. No.

-1-

5-4 at 23–24 (ADR requirement in errors and omissions policy); Dkt. No. 5-5 at 11–12 (ADR requirement in directors and officers policy).) Where mediation occurs, the ADR requirement provides that no judicial proceeding shall be commenced until at least 120 days has elapsed since the termination of mediation. The parties have engaged in mediation before retired Judge Layn R. Phillips, but the parties dispute whether that mediation has satisfied the ADR provision. BCBS moves to stay or to dismiss this action, arguing Allied World has not satisfied the ADR requirement.

## II. Legal Standard

A motion to dismiss for lack of subject-matter jurisdiction filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of a court to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A challenge to subject-matter jurisdiction may contend either 1) that the complaint fails to allege facts sufficient to establish subject matter jurisdiction or 2) "that the jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the sufficiency of the jurisdictional allegations in the complaint is challenged facially, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (2009). If, however the defendant contends "that the jurisdictional allegations of the complaint [are] not true," the plaintiff bears the burden to prove facts establishing jurisdiction and the district court may "decide disputed issues of fact." *Id.* In that case, because the plaintiff's allegations are not presumed true, "the court should resolve the relevant factual disputes only after appropriate discovery." *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016). And where "the jurisdictional facts and the facts central to a tort claim are inextricably intertwined," so that a challenge to the truth of the jurisdictional facts indirectly challenges the plaintiff's claims on the

merits, "the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues." *Kerns*, 585 F.3 at 193.

## III. <u>Discussion</u>

As a threshold issue, the Court must determine whether BCBS's motion to dismiss because of non-compliance with the ADR provisions should be considered under Rule 12(b)(1) of the Federal Rules of Civil Procedure. BCBS argues dismissal under Rule 12(b)(1) is appropriate because the underlying claims are not ripe for consideration until, *inter alia*, the mediation requirement is satisfied. "The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form." *Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006) (internal quotation marks omitted). To determine if a case is ripe, courts "balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration." *Id.* at 319 (internal quotation marks omitted). "[I]t is settled that a case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 198 (4th Cir. 2013) (internal quotation marks omitted).

Where mediation is a condition precedent to litigation, and where that mediation has not yet been completed but may be completed in the future, the underlying action in controversy is dependent upon future uncertainties: whether the required mediation will occur and, if so, whether (or to what extent) the mediation will resolve the underlying claims. Moreover, withholding judicial review until completion of mediation that is condition precedent to litigation imposes no hardship on the parties. The Court therefore concludes that where a mediation condition precedent to litigation has not yet been satisfied but may be satisfied in the future, the merits of the underlying

claim are not ripe for judicial review.[1] If a dispute is not ripe for judicial review, then dismissal is appropriate under Rule 12(b)(1). *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013) ("'[R]ipeness is a question of subject matter jurisdiction.'" (quoting *Reahard v. Lee County*, 978 F.2d 1212, 1213 (11th Cir. 1992)).[2]

The Court therefore proceeds to determine whether the ADR requirement has been satisfied. Coverage issues have been mediated before Judge Phillips, but BCBS argues that mediation fails to satisfy the ADR requirement because the AAA did not administer the mediation and because the mediation has not terminated. (Dkt. No. 20 at 4–6.)

The Court previously ruled that Allied World and BCBS waived strict compliance with the requirement that the AAA administer the mediation when they voluntarily mediated the dispute before Judge Phillips. (Dkt. No. 24 at 2.) The Court also ruled that whether mediation has concluded by application of the relevant AAA rules, because the parties agreed to those rules in the contract. (*Id.* at 3.) AAA rules provide that mediation terminates (1) by execution of a settlement agreement, (2) by a written or verbal declaration from the mediator that further efforts would not be helpful, (3) by a written or verbal declaration of all parties that mediation has terminated, or (4) "[w]hen there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference."

---

[1] This Court declines to adopt the reasoning of some courts in this Circuit that a Rule 12(b)(1) challenge based upon failure to comply with a contractual mediation requirement "conflate[s] the concepts of subject matter jurisdiction and 'condition precedent' to litigation,'" and that a motion to dismiss is properly considered under Rule 12(b)(6), not Rule 12(b)(1). *E.g.*, *Kane Builders S & D, Inc. v. Md. CVS Pharmacy, LLC*, No. CIV.A. DKC 12-3775, 2013 WL 2948381, at *2 (D. Md. June 13, 2013).

[2] Because ripeness is a question of subject matter jurisdiction, an action that is not ripe for judicial review must be dismissed. The Court cannot stay or abstain from hearing an action that is not ripe. *Sansotta*, 724 F.3d at 548. For that reason, the Court only considers whether this action should be dismissed for lack of subject matter jurisdiction. It does not consider BCBS's alternative arguments that the Court should stay or abstain from hearing this action.

Mediation Procedures of the American Arbitration Association, M-13 ("Termination of Mediation") (2009). The Court therefore ordered supplemental briefing on the following questions:

(1) Did the mediator, Judge Phillips, ever declare that further mediation would not contribute to a resolution of the dispute, and, if so, when?

(2) Did Judge Phillips communicate with any party in the 21-day period following the last relevant mediation session?

(*Id.* at 4); *see also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (when considering dismissal under Rule 12(b)(1), the Court does not assume the jurisdictional allegations are true but may look to evidence beyond the pleadings).

The parties have now answered those questions. (Dkt. Nos. 25 & 26.) All parties agree that Judge Phillips never declared that further mediation would not contribute to a resolution of the dispute. (Dkt. No. 25 at 1; Dkt. No. 26 at 4.) The parties dispute whether Judge Phillips communicated with any party in the 21-day period following the last mediation session. (Dkt. No. 25 at 1; Dkt. No. 26 at 4–5.) Allied World provides a declaration from counsel stating, "Neither Judge Phillips, nor anyone from his team, has communicated with Allied World regarding the coverage dispute with BCBS-SC since the September [12–13,] 2016 coverage mediation session." (Dkt. No. 25-1 ¶ 11.) BCBS argues the last relevant mediation session occurred on June 6 and 8, 2017, and that communications were sent from Judge Phillips's staff to Allied World's coverage counsel within 21 days of that mediation. BCBS further argues that even if the September 12–13, 2016 mediation session is deemed the last session relevant to the coverage issue in this case, there has been a steady stream of communications from Judge Phillips's office to the parties since

September 13, 2016. (Dkt. No. 26-1 ¶ 16 (listing communications from September 15, 2016 to July 19, 2017).)

That Judge Phillips has never stated that mediation has concluded or that further mediation would not contribute to resolution of the dispute before this Court strongly suggests this Court should resolve any ambiguity regarding his communications with the parties in favor of finding mediation has not ended. Further, the relevant AAA rule states that mediation is terminated where "there has been no communication between the mediator and any party or party's representative." The rule does not provide that there must be communications between the mediator and all parties. Nor does the rule provide that communications between the mediator and party must substantively "regard" the precise issues mediated in a particular mediation session. Clearly, there were communications from Judge Phillips (or staff acting on his behalf) to BCBS within 21 days of the September 2016 mediation (Dkt. No. 26-1 ¶ 16), and it appears there were communications from him or his staff to Allied World within that period (Dkt. No. 26 at 5). That is sufficient to find mediation was not terminated because of a failure to communicate "for 21 days following the conclusion of the mediation conference."

Allied World argues that certain mediation sessions and certain communications from Judge Phillips following mediation sessions are not relevant to this action because the underlying dispute is bifurcated between "subscriber track" cases and "provider track" cases, and only the "provider track" mediation is relevant to the present case. (Dkt. No. 25-1.) But this Court will not inquire into the substance of the mediation sessions. Absent a contrary statement from the mediator, the fact that on June 6 and 8, 2017, Judge Phillips mediated a coverage dispute regarding *In Re: Blue Cross and Blue Shield Antitrust Litigation* with counsel for Allied World and BCBS in attendance is sufficient to find that mediation of the coverage dispute at issue in this case was

ongoing through June 2017. That mediation continued at least to a time two months later than the filing of this action demonstrates that mediation had not terminated 120 days before the filing of this action.

IV. **Conclusion**

The Court finds that this action is not ripe for judicial review because contractual ADR provisions that are conditions precedent to litigation have not been satisfied but might be satisfied in the future. The Court therefore **GRANTS** Defendant's motion to dismiss (Dkt. No. 20). The complaint is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 3, 2017
Charleston, South Carolina