IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Allied World Surplus Lines Insurance Company, *formerly known as Darwin Select Insurance Company and* Allied World Specialty Insurance Company, *formerly known as Darwin National Assurance Company*,<br><br>Plaintiffs,<br><br>v.<br><br>Blue Cross and Blue Shield of South Carolina,<br><br>Defendant. | Civil Action No. 3:17-903-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiffs' motion for reconsideration of the Court's order of August 1, 2017, which dismissed this action without prejudice. For the reasons set forth below, the Court denies the motion.

## I. Background

Allied World seeks a declaratory judgment under the Federal Declaratory Judgment Act of its obligations under policies of errors and omissions liability insurance and directors and officers liability insurance sold to BCBS for underlying civil actions against BCBS, the Blue Cross Blue Shield Association, and other Blue Plans. (Dkt. No. 1 ¶¶ 8-9.).

The insurance policies have an Alternative Dispute Resolution ("ADR") provision, requiring the parties to arbitrate or to mediate "all disputes which may arise under or in connection with this Policy," and allowing the parties to choose between arbitration and mediation. (Dkt. No. 5-4 at 23–24 (ADR requirement in errors and omissions policy); Dkt. No. 5-5 at 11–12 (ADR requirement in directors and officers policy).) Where mediation occurs, the ADR requirement

provides that no judicial proceeding shall be commenced until at least 120 days has elapsed since the termination of mediation. The parties have engaged in mediation before retired Judge Layn R. Phillips, but the parties dispute whether that mediation has satisfied the ADR provision.

BCBS moved to stay or to dismiss this action, arguing Allied World has not satisfied the ADR requirement. After ordering supplemental briefing, the Court granted BCBS's motion and dismissed the complaint without prejudice, ruling that where a mediation condition precedent to litigation has not yet been satisfied but may be satisfied in the future the merits of the underlying claim are not ripe for judicial review and that Allied World did not satisfy the criteria for termination of mediation set forth in the Mediation Procedures of the American Arbitration Association. On August 16, 2017, Allied World moved for reconsideration, arguing that the mediation sessions the Court found had not terminated "are wholly unrelated to the coverage dispute in this case."

## II. Legal Standard

In this Circuit, motions to reconsider are granted under a narrow set of circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

## III. Discussion

Plaintiffs' motion is without merit. If, as Plaintiffs claim, mediation regarding coverage terminated nearly a year ago, it should be a simple matter to have the mediator say as much. Plaintiffs could then proceed with litigation. But instead of asking the mediator to state that mediation has ended, Plaintiffs ask this Court to inquire into the substance of the mediation sessions and mediation communications in order to determine independently that mediation has ended. Plaintiffs argue that the last relevant mediation session occurred in September 2016 and

that no communications between the mediator and any party regarding coverage have occurred since then. Defendants deny that. Plaintiffs therefore apparently would have the Court undertake an evidentiary hearing, receiving testimony about the substance of matters discussed during mediation of a dispute, which is presently ongoing and which may be the subject of future litigation. Such a hearing would contradict the Federal Rules of Evidence and the local rules of this Court regarding mediation sessions. *See* Fed. R. Evid. 408; Local Civil Rule 16.08(C) DSC. Local Civil Rule 16.08(C) provides,

> Communications during the mediation conferences shall be confidential. The parties, their attorneys, and other persons present shall maintain the confidentiality of the mediation and shall not rely on, introduce, or attempt to introduce as evidence in any arbitral, judicial, or other proceeding, any event, document, or communication relating in any way to the mediation.

The local rule technically governs only court-ordered mediation but this Court sees no reason why it should direct litigants to violate the rule as to mediation that is an agreed condition precedent to litigation in this Court. Thus, the Court in the order of August 1, 2017 stated, "this Court will not inquire into the substance of the mediation sessions." (Dkt. No. 27 at 6.) In moving for reconsideration of that ruling, Allied World fails to explain how it is "clear error" or "manifest injustice" for this Court to decline to breach the traditional confidentiality of mediation and instead leave it for the mediator to declare that mediation has ended. The Court therefore denies the motion for reconsideration.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 23, 2017
Charleston, South Carolina

-3-